# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>  vs.<br><br>FRANCISCO SOTO, et al.,<br><br>                      Defendants. | CASE NO. 09cv2176 DMS (AJB)<br><br>**ORDER DENYING DEFENDANTS RUBEN GARCIA AND REBECA GARCIA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STAY**<br><br>**[Docket No. 32]** |

This matter comes before the court on Defendants Ruben Garcia and Rebeca Garcia's motion to dismiss, or in the alternative, motion to stay. Plaintiff filed its opposition to the motion on January 21, 2010,[1] and Defendants filed their reply on January 28, 2010. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

On June 28, 2006, Plaintiff Progressive Casualty Insurance Company ("Plaintiff") issued an insurance policy to Defendants Omega Transport and Francisco Soto. The Policy provided liability

///

---

[1] Plaintiff's opposition should have been filed on or before January 15, 2010. Defendants object to the opposition as untimely, but the Court overrules that objection. It appears the untimely filing was the result of a calendaring error, and Defendants received additional time to file their reply brief. Therefore, the Court will consider Plaintiff's opposition brief.

1  coverage relating to certain vehicles, including a 1984 Peterbilt truck.  On June 28, 2006, Defendant
2  Ruben Garcia was involved in an accident while driving the truck on Interstate 8.

3  On June 5, 2008, Defendant Garcia and his wife, Rebeca, filed a Complaint in San Diego
4  Superior Court alleging claims of negligence and loss of consortium arising out of the accident.  The
5  Complaint names Carrizo Gorge International Aggregates, Inc., Carrizo Gorge Railway, Inc.,
6  Francisco Soto, Connie Truc, Khiem Tran, Valente Uribe and Omega Transport as Defendants.  That
7  case is currently pending.

8  On October 2, 2009, Plaintiff filed the present Complaint in this Court alleging a claim for
9  declaratory relief.  Specifically, Plaintiff seeks a determination about whether Mr. Garcia is an
10 "insured" under the Policy such that an exclusion would apply, thereby negating Plaintiff's duty to
11 defend and/or indemnify the defendants in the state court action.  This Court has entered defaults
12 against Defendants Carrizo Gorge International Aggregates, Inc. and Carrizo Gorge Railway, Inc.
13 Defendants Soto, Truc, Tran, Uribe and Omega Transport have just recently been served, and
14 Defendants Ruben and Rebeca Garcia filed the present motion.

## II.

## DISCUSSION

17 The Garcia Defendants assert this Court has discretion to decide this case under the
18 Declaratory Judgment Act.  They argue the Court should exercise that discretion, and either dismiss
19 or stay this case pending a decision in the related state court case of *Garcia v. Carrizo Gorge Int'l*
20 *Aggregates, Inc.*, San Diego Superior Court Case Number 37-2008-00085174-cu-pa-ctl.

21 "In *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.
22 1620 (1942), the Supreme Court held expressly that a district court should consider several factors
23 when determining whether to exercise jurisdiction over a declaratory relief claim regarding state law
24 issues."  *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).  Those factors include: (1) "the scope
25 of the pending state court proceeding and the nature of defenses open there[,]"(2) "whether the claims
26 of all parties in interest can satisfactorily be adjudicated in that proceeding," (3) "whether necessary
27 parties have been joined," and (4) "whether such parties are amenable to process in that proceeding[.]"
28 *Brillhart*, 316 U.S. at 495.  Additional factors include: "(1) whether a refusal to entertain the request

1  for declaratory relief avoids needless decisions of state law by the federal court; (2) whether the action
2  is a means of forum shopping; and (3) whether dismissal of the claim for declaratory relief would
3  avoid duplicative litigation." *Smith*, 263 F.3d at 977 (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947
4  F.2d 1367, 1371 (9th Cir. 1991)).

5       Starting with the first factor, the state court proceeding alleges two state law claims:
6  Negligence and loss of consortium. Defendants argue this case involves state law issues, namely
7  contract interpretation, therefore this case should be stayed pending resolution of the state court case.
8  That both cases involve state law issues, however, is not dispositive. Rather, the Court must consider
9  the scope of the claims, and here, the scope of the claims does not overlap. The nature of the legal
10  claims and the elements involved in each are entirely different. Therefore, this factor does not warrant
11  dismissal or a stay.

12       Other factors also do not warrant dismissal or a stay. The claim at issue here involves a
13  determination of whether Mr. Garcia was an "insured" under the policy. Defendants assert this issue
14  will be resolved by the state court defendants' seventh affirmative defense, which alleges Mr. Garcia
15  was an employee of the defendants and is therefore barred from bringing suit under the Workers
16  Compensation Act. However, whether Mr. Garcia was an employee under the Workers Compensation
17  Act is not the same as whether he was an "insured" under the policy. Accordingly, Plaintiff's claim
18  will not be resolved in the state court proceeding, but rather, must be resolved here. The difference
19  in the issues raised here and in the state court proceeding also eliminates the risk of duplicative
20  litigation and inconsistent decisions, and refutes Defendants' assertion that Plaintiff is engaged in
21  forum shopping.

22                 **III.**
23                 **CONCLUSION**

24       After considering the relevant factors identified above, the Court finds it would be
25  / / /
26  / / /
27  / / /
28  / / /

1 | inappropriate to decline to exercise jurisdiction over this case. Accordingly, Defendants' motion to
2 | dismiss or stay is denied.
3 | **IT IS SO ORDERED.**
4 | DATED: February 16, 2010

HON. DANA M. SABRAW
United States District Judge