# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PROGRESSIVE CASUALTY INSURANCE COMPANY, | CASE NO. 09cv2176 DMS (AJB) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | **[Docket No. 58]** |
| FRANCISCO SOTO, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for summary judgment. Defendants Rebeca and Ruben Garcia filed an opposition to the motion, and Plaintiff filed a reply. The motion came on for hearing on April 2, 2010. Patrick Howe appeared on behalf of Plaintiff, and Dwight Ritter appeared and argued for Defendants Rebeca and Ruben Garcia. For the reasons discussed below, the Court grants Plaintiff's motion.

**I.**

**BACKGROUND**

Plaintiff Progressive Casualty Insurance Company ("Plaintiff") issued an insurance policy to Defendants Omega Transport ("Omega") and Francisco Soto ("Soto"). Omega was conducted by a general partnership consisting of Soto, Defendant Connie Truc ("Truc") and Defendant Khiem Tran ("Tran"). (Pl.'s Index of Exhibits in Supp. of Mot., Ex. B.) The Policy provided coverage relating to certain vehicles, including a 1984 Peterbilt truck ("Peterbilt"), for the period January 31, 2006,

through January 31, 2007. Specifically, the Policy provided: "**We** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES for which an **insured** is legally liable because of an **accident**." (Pl.'s Index of Exhibits in Supp. of Mot., Ex. D at 000019.) The Policy also contained a number of exclusions, including the following: "Coverage under this **PART I** and **our** duty to defend does not apply to: ...15. **Bodily injury** to **you** or an **insured**." (*Id.* at 000019-000022.) The Policy defines "insured" as used in this exclusion to include: "Any other person driving **your insured auto** with **your** permission and within the scope of that permission[.]" (*Id.* at 000020.)

On June 28, 2006, Defendant Ruben Garcia was working as an independent contractor for Defendants Omega, Soto, Truc and Tran. (Pl.'s Index of Exhibits in Supp. of Mot., Ex. L at 000080.) These Defendants "instructed" Mr. Garcia to transport sand using the Peterbilt and two attached trailers. (*Id.*) Mr. Garcia picked up the truck and trailers in El Cajon, drove them to Campo, delivered the sand to Miramar, and then drove back to Campo for another load of sand. (Pl.'s Index of Exhibits in Supp. of Mot., Ex. R at 000158.) After picking up his second load, and while driving back to Miramar, Mr. Garcia noticed smoke coming from the vehicle's brakes. (*Id.* at 000158-59.) He pulled to the side of the road and called Mr. Soto, who arrived on the scene about thirty minutes later. (*Id.* at 000159.) Mr. Soto checked the truck, and told Mr. Garcia to take it back to El Cajon. (*Id.* at 00160.) While Mr. Garcia was en route to El Cajon, Mr. Soto called him and told him to go ahead and take the load to Miramar. (*Id.*) Mr. Garcia did so, and Mr. Soto followed him in another vehicle. (*Id.* at 00161.) After they delivered the load of sand, Mr. Garcia and Mr. Soto pulled their vehicles to the side of the road. (*Id.*) Mr. Soto then proceeded to adjust the brakes on the truck and/or trailers. (*Id.*) When he was finished, Mr. Soto instructed Mr. Garcia to pick up another load and bring it back to Miramar. (*Id.* at 000162.) Mr. Garcia drove the truck back to Campo, picked up another load of sand, and continued back to Miramar. (*Id.*) While driving westbound on Interstate 8, Mr. Garcia applied the brakes, but they did not work. (*Id.* at 000164.) At that point, Mr. Garcia was traveling downhill. (*Id.*) He tried another set of brakes, but the truck did not slow. (*Id.*) Eventually, Mr. Garcia lost control of the truck and trailers and the vehicles flipped over, causing injury to Mr. Garcia.

On June 5, 2008, Defendant Garcia and his wife, Rebeca, filed a complaint in San Diego Superior Court alleging claims of negligence and loss of consortium arising out of the accident. That

complaint names Carrizo Gorge International Aggregates, Inc., Carrizo Gorge Railway, Inc., Soto, Truc, Tran, Valente Uribe and Omega as Defendants. That case is currently pending.

On October 2, 2009, Plaintiff filed the present Complaint in this Court alleging a claim for declaratory relief. This Court has entered defaults against Defendants Carrizo Gorge International Aggregates, Inc., Carrizo Gorge Railway, Inc., Soto, Truc, Tran, Uribe and Omega. Defendants Ruben and Rebeca Garcia are the only remaining Defendants.

## II.

## DISCUSSION

Plaintiff asserts there are no genuine issues of material fact in this case, and it is entitled to judgment as a matter of law in light of the exclusion in the Policy. Defendants dispute that there are no genuine issues of material fact, and that Plaintiff is entitled to judgment as a matter of law.

**A.   Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than

a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.      Insurance Coverage**

As set out above, the Policy at issue in this case provided coverage for "damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an **insured** is legally liable because of an **accident**." (Pl.'s Index of Exhibits in Supp. of Mot., Ex. D at 000019.)  However, the Policy excluded coverage for "**Bodily injury** to **you** or an **insured**." (*Id.* at 000022.)  In this part of the Policy, "insured" is defined to include "[a]ny other person driving **your insured auto** with **your** permission and within the scope of that permission[.]" (*Id.* at 000020.)  The issue here is whether Mr. Garcia is an "insured" within the exclusion.  If so, the Policy does not provide coverage for bodily injury he may have suffered on June 28, 2006.

Plaintiff argues the evidence supports a finding that Mr. Garcia was an "insured" under this exclusion.  In support of this argument, Plaintiff points to the Garcias' state court complaints, Mr. Garcia's discovery responses and his deposition testimony.  In the complaints, Mr. Garcia alleges Omega, Soto, Truc and Tran "instructed" him to transport the sand using the truck and trailers. (Pl.'s Index of Exhibits in Supp. of Mot., Ex. I at 000059; Ex. K at 000071; Ex. L at 000080.)  Mr. Garcia confirmed this allegation in his discovery responses. (*See* Pl.'s Index of Exhibits in Supp. of Mot., Ex. O at 000113.)  In his deposition, Mr. Garcia testified that he began working for Mr. Soto "maybe five days before" the accident as a "truck driver for bottom dump." (*See* Pl.'s Index of Exhibits in Supp. of Mot., Ex. R at 000149.)  Mr. Garcia spent the first two days of his employment riding in the Peterbilt as a passenger and "observ[ing] what was done." (*Id.* at 000150.)  On the third day, he drove the Peterbilt while the driver from the previous two days rode as a passenger. (*Id.* at 000152.)  The following day, Mr. Garcia reported for work and drove the Peterbilt by himself. (*Id.* at 000158.)  The accident occurred later that day.

Defendants do not dispute this chain of events or Mr. Garcia's relationship with Mr. Soto. Instead, they argue there is insufficient evidence to support the finding that Mr. Garcia was an "insured" under the Policy.  Defendants rely specifically on Truc and Tran's discovery responses in which Truc stated she did not know who was employed by Omega and she did not know Mr. Garcia,

(Decl. of Karen Albence in Supp. of Opp'n to Mot. ("Albence Decl."), Ex. 5), and in which Tran disclaimed "any direct knowledge" of the accident. (Albence Decl., Ex. 6.) However, none of this evidence raises a genuine issue of material fact about Mr. Garcia's relationship with Mr. Soto, a named insured under the Policy.

Defendants also argue they have been unable to obtain any discovery from Mr. Soto, therefore Plaintiff's motion should be denied. Federal Rule of Civil Procedure 56(f) allows a court to deny or continue a motion for summary judgment if the opposing party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(f). Here, Defendants' counsel submitted a declaration in support of Defendants' opposition to the motion, but it does not meet the specificity requirements of Rule 56(f). *See Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004) (setting out requirements to prevail on Rule 56(f) motion). Furthermore, it appears any further attempts to obtain discovery from Mr. Soto would be futile, as he has apparently left the country and his exact whereabouts are unknown. (Albence Decl., ¶¶ 19-22.) Under these circumstances, the Court declines to continue or deny Plaintiff's motion pursuant to Rule 56(f). *See Burlington Northern Santa Fe Railroad Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003) (finding district court did not abuse its discretion in denying Rule 56(f) motion where additional discovery would be futile).

Defendants' final argument in opposition to the motion rests on three affirmative defenses raised by Omega, Soto, Truc and Tran in response to the Garcias' state court complaint. (*See* Opp'n to Mot. at 8-10.)[1] However, that pleading does not amount to evidence sufficient to defeat Plaintiff's motion. *See* Fed. R. Civ. P. 56(e)(2). Even if it did, those defenses raise the issues of failure to mitigate damages and comparative fault, neither of which goes to whether Mr. Garcia was an "insured" under the Policy.

---

[1] Defendants raise one additional argument in opposition to the motion based on the federal Motor Carrier Act. (*See id.* at 3-4.) However, that argument is unavailing. First, it is unclear whether this statute applies to Omega, Soto, Truc and Tran. Second, there is no evidence they violated the statute. Most importantly, even if there was a violation, it would not be relevant here because the content of the Policy, including the exclusion at issue, is governed by California Insurance Code § 11580 *et seq.*

Rather, the undisputed evidence in this case demonstrates that Mr. Garcia was driving the Peterbilt with the permission of Mr. Soto. Under these circumstances, Mr. Garcia falls within the definition of an "insured" for purposes of the Policy exclusion. Plaintiff is therefore entitled to summary judgment on its sole claim for declaratory relief.

## III.

## CONCLUSION

For these reasons, the Court grants Plaintiff's motion for summary judgment. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: April 7, 2010

_____
HON. DANA M. SABRAW
United States District Judge